**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 18-2377

BRIAN KIRK MALPASSO; MARYLAND STATE RIFLE AND PISTOL
ASSOCIATION, INC.,

Plaintiffs - Appellants,

v.

WILLIAM M. PALLOZZI, in his official capacity as Maryland Secretary of State
Police,

Defendant - Appellee.

-------------------------------------------

GIFFORDS LAW CENTER TO PREVENT GUN VIOLENCE; BRADY
CENTER TO PREVENT GUN VIOLENCE; MARYLAND CHIEFS OF POLICE
ASSOCIATION; EVERYTOWN FOR GUN SAFETY,

Amici Supporting Appellee.

Appeal from the United States District Court for the District of Maryland, at Baltimore.
Ellen L. Hollander, District Judge.  (1:18-cv-01064-ELH)

Submitted:  April 25, 2019                          Decided:  April 29, 2019

Before FLOYD and QUATTLEBAUM, Circuit Judges, and TRAXLER, Senior Circuit
Judge.

Affirmed by unpublished per curiam opinion.

David H. Thompson, Peter A. Patterson, Nicole J. Moss, John D. Ohlendorf, COOPER & KIRK, PLLC, Washington, D.C., for Appellants. Brian E. Frosh, Attorney General, Mark H. Bowen, Assistant Attorney General, OFFICE OF THE ATTORNEY GENERAL OF MARYLAND, Pikesville, Maryland, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Brian Kirk Malpasso and Maryland State Rifle and Pistol Association, Inc., appeal the district court's dismissal of their complaint alleging that § 5-306(a)(5)(ii) of the Maryland Code of Public Safety is an unconstitutional burden on the Second Amendment's right to keep and bear arms. Malpasso and the Association seek a declaratory judgment declaring that § 5-306(a)(6)(ii) is unconstitutional and an injunction precluding future enforcement of the statute and requiring the State to issue handgun carry licenses to Malpasso and the Association's members. The district court granted the State's motion to dismiss the complaint after Malpasso and the Association conceded that our ruling in *Woollard v. Gallagher*, 712 F.3d 865 (4th Cir. 2013), controlled.[*]

On appeal, Malpasso and the Association acknowledge that this panel cannot overturn *Woollard*. "A decision of a panel of this court becomes the law of the circuit and is binding on other panels unless overruled by a subsequent en banc opinion of this court or a superseding contrary decision of the Supreme Court." *United States v. Collins*, 415 F.3d 304, 311 (4th Cir. 2005) (internal quotation marks omitted). Therefore, we affirm the district court's dismissal of the complaint. We dispense with oral argument

---

[*] In *Woollard*, we held that assuming, without deciding, that § 5-306(a)(6)(ii)'s "good-and-substantial-reason" requirement implicated Second Amendment protections, the provision did not unconstitutionally infringe upon the rights granted by the Second Amendment, as applied to the statute's challenger. 712 F.3d at 882.

because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*